UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| UNITED STATES OF AMERICA<br><br>V.<br><br>DOMINIQUE TROUPE<br>Defendant | CASE NO. 5:22-cr-00018-gwc-3 |
|---|---|

**MOTION FOR PERMISSION TO WITHDRAW**

NOW COMES Mark Oettinger, Esq., counsel for Defendant Dominique Troupe, and respectfully moves to withdraw as counsel for Mr. Troupe. In support thereof, counsel states as follows:

1. I am Mr. Troupe's third attorney;

2. On information and belief, his first attorney (Mark Kaplan) was required to withdraw as a result of a conflict of interest;

3. Mr. Troupe's second attorney (Peter Langrock), asked, and was granted, permission to withdraw;

4. On information and belief Mr. Langrock's request to withdraw was based on a breakdown of communication between attorney and client;

5. The relationship between undersigned counsel and Mr. Troupe has likewise broken down, and Mr. Troupe has instructed me to move for permission to withdraw;

6. I agree with Mr. Troupe that our relationship is beyond repair;

7. Mr. Troupe's jury draw has been scheduled for February 20, 2024, and at the recent pre-trial conference in the case, defense counsel for the remaining un-pled co-defendants informed the Court that they will likely be seeking severance of their trials from that of Mr. Troupe;

8. If the anticipated severance motions are filed and granted, the Court has indicated that the trial of the co-defendants will proceed first;

9. As such, it appears likely that Mr. Troupe's trial will not occur for several months, which would give replacement counsel ample time to prepare;

10. One of the stated reasons for Mr. Troupe's dissatisfaction with present counsel is related to discovery. The volume of discovery that is available from the government as of the date of this motion exceeds 300 Gigabytes;

11. There is a significant amount of additional discovery that has been made available to defense counsel (first Mr. Langrock, and then me) by allowing us to review the as-yet undisclosed discovery through personal inspection (without copying) at the United States Attorney's Office;

12. This additional discovery is also voluminous, and includes grand jury testimony, law enforcement reports regarding post-arrest interviews of co-defendants, law enforcement reports regarding proffers, and the like;

13. At least two of the five co-defendants have pled, ███████████████████████

14. I, along with the assigned paralegal in the case, have met with Mr. Troupe both in Essex County jail and at Northwest State Correctional Facility, in order to inform him of the anticipated evidence that will be introduced by the government in the event that he chooses to go to trial;

15. Pending the Court's consideration of this motion, we are making arrangements to purchase hardware with sufficient capacity to hold, process and display all of the discovery;

16. The Vermont Department of Corrections' mechanism for allowing inmates access to electronic discovery would require approximately sixty separate sequential uploads, since each tranche of information must be uploaded, screened by DOC, accessed by Mr. Troupe, and then deleted, so that the next tranche can be uploaded and accessed in like fashion;

17. We will be sending a tech-savvy CJA training panel lawyer (Evan Barquist) and a tech-savvy paralegal, with the new hardware, to meet with Mr. Troupe shortly, hoping to make all of the discovery available to him at once;

18. Given the volume of discovery, we hope that this process can be completed in a single day;

19. Aside from the distribution and firearm possession charges, this case involves a homicide, and as such, the stakes are extremely high;

20. Mr. Troupe has been incarcerated since his original arrest roughly 14 months ago;

21. Aside from the inevitable stress associated with incarceration on serious charges, Mr. Troupe's affect causes the undersigned to conclude that an evaluation might be helpful to both Mr. Troupe and the process as a whole;

22. To be clear, undersigned counsel does not believe that sanity or competence are at issue, but believes that an evaluation (with possible supports to follow) may well assist Mr. Troupe in better cooperating with future counsel in his defense, and may

also offer evidence in mitigation in the event of conviction…whether by trial or plea; and

23. As previously stated, our office will continue to assist in preparing Mr. Troupe for trial to the best of our ability pending the Court's consideration of this motion.

Wherefore, for the foregoing reasons, counsel respectfully requests that the Court allow counsel to withdraw from representing Mr. Troupe, and that it appoint replacement counsel to represent him.

Dated November 2, 2023, at Burlington, Vermont.

By: Mark Oettinger, Esq.
Attorney for Defendant
Montroll, Oettinger & Barquist, P.C.
126 College St, Suite 400
Burlington, VT 05401
802-540-0250
moettinger@mblawoffice.com